HLD-022                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3912
_____

In re:  JOHN POLANCO,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 06-cr-00239)
District Judge:  Honorable Anne E. Thompson

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 29, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed: February 14, 2011)
_____

OPINION
_____

PER CURIAM.

John Polanco, proceeding pro se, petitions for a writ of mandamus directing

that he be released from prison.  For the reasons that follow, we will deny the petition.

In 2006, Polanco pleaded guilty to conspiracy to distribute and to possess

with intent to distribute 50 grams or more of cocaine base.  Polanco received the statutory

mandatory minimum sentence of 120 months in prison.  He did not file a direct appeal.

1

In 2008, Polanco filed a motion in District Court pursuant to 18 U.S.C. § 3582 to reduce his sentence under Amendment 706 to the Sentencing Guidelines, which reduced the base offense level for crack cocaine offenses. The District Court denied Polanco's motion, concluding that Amendment 706 had no effect on his mandatory minimum sentence. Polanco then filed a petition in District Court seeking immediate release from prison based on alleged discriminatory treatment of African-Americans and Hispanics in sentencing. The District Court denied Polanco's petition. Polanco is now challenging his sentence in District Court through a petition, which has been construed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. See Polanco v. United States, D.N.J. Civ. No. 10-cv-05395.

Polanco has also filed the present petition for a writ of mandamus asserting that he is illegally imprisoned as a result of a discriminatory process. Polanco asks us to issue a writ of mandamus directing that he be immediately released from prison.

The writ of mandamus traditionally has been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). "The writ is a drastic remedy that is seldom issued and its use is discouraged." Id. A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. At 141.

2

Mandamus relief is not available here. Polanco could have appealed the denial of his motion for relief pursuant to § 3582 and his motion for immediate release, but he did not do so. Mandamus is not a substitute for an appeal. <u>In re Chambers Dev. Co., Inc.</u>, 148 F.3d 214, 226 (3d Cir. 1998).

Accordingly, we will deny the petition for a writ of mandamus.